KIRSCHNER v. HIRSCHBERG et al.

(Supreme Court, Appellate Term.  November 10, 1904.)

1. EVIDENCE—PERSONAL KNOWLEDGE OF MATTER TESTIFIED TO—REFRESHMENT OF MEMORY.

A question asking a witness to turn to the page of a book which she kept, and which showed the work that plaintiff did, and, refreshing her memory therefrom, to state what he did from week to week, was properly excluded, where the witness had no personal knowledge of the work which plaintiff did, but received the information which she communicated to the book from a coupon or ticket handed to her by a foreman.

Appeal from City Court of New York, Trial Term.

Action by Max Kirschner against Gustave Hirschberg and others.  From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.  Affirmed.

The action was brought to recover damages for breach of a contract of employment entered into between plaintiff and defendants.  The witness Peltz, referred to in the opinion, had charge of defendants' books; making entries therein showing the work which each man did.  She testified that she had nothing to do with the work itself, and received the information which she communicated to her books from the foremen, who handed her a coupon from which she made the entries; the coupons themselves being destroyed after two weeks.  The question objected to and excluded was as follows: "Is this book the one in which you make the entries from these tickets?  Now, will you turn to the page which shows the work that Max Kirschner did, and, refreshing your memory therefrom, tell us what he did from week to week?"

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

N. Ballin, for appellants.
C. S. Rosenthal, for respondent.

PER CURIAM.  The ruling of the trial court sustaining objection to question addressed to witness Peltz was correct.  It was not claimed that this witness ever had personal knowledge of the

work done by plaintiff. Consequently she could not have had any memory on the subject which it was possible to refresh. The entire record is free from prejudicial error.

Judgment and order affirmed, with costs.